# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO MARTINEZ,<br><br>　　　　　　　　　Petitioner,<br><br>vs.<br><br>L.S. MCEWAN, Warden,<br><br>　　　　　　　　　Respondent. | CASE NO. 12-CV-1869 BEN (MDD)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO DISMISS**<br><br>**(2) DENYING CERTIFICATE OF APPEALABILITY**<br><br>[Docket No. 10] |

Now before the Court is Respondent's motion to dismiss as untimely state prisoner Alfonso Martinez's ("Petitioner") petition for habeas corpus relief. For the reasons stated below, the motion is GRANTED.

## BACKGROUND

Petitioner is an inmate at Calipatria State Prison serving an indeterminate life term for second-degree murder. In 2009, he was disciplined for fighting and assessed a credit penalty. Petitioner contends he was not the aggressor and that the finding of guilt was not supported by reliable evidence. He pursued an administrative appeal, which was denied at the Director's Level on April 26, 2010. (Resp't Mot., Exh. A.) Nearly eleven months later, Petitioner hired an attorney to file a state habeas petition. (Pet., Exh. I.) The attorney filed the petition in Imperial County Superior Court on June 29, 2011. The court denied it on August 4, 2011.

Unhappy with his attorney, Petitioner appealed *pro se* on December 29, 2011.[1] After the California Court of Appeal denied his petition on January 18, 2012, Petition filed a new habeas petition with the California Supreme Court, challenging the disciplinary decision. The court denied it without comment on June 20, 2012.

Petitioner filed a petition[2] in this Court on July 24, 2012, again challenging the disciplinary decision. (Pet. at 9.) Respondent now moves to dismiss on the grounds that Petitioner's claims are time-barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act (AEDPA). Petitioner asserts that he is entitled to equitable tolling of the statute of limitations.

## DISCUSSION

Habeas petitions by a person in custody pursuant to a judgment of a state court are subject to § 2244(d)'s one-year limitation period. *Doe v. Busby*, 661 F.3d 1001, 1011 (9th Cir. 2011). The deadline applies "even if the petition challenges a pertinent administrative decision rather than a state court judgment." *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004). Respondent asserts, and Petitioner concedes, that the clock started ticking the day after Petitioner exhausted his administrative appeal on April 26, 2010. (Mot. to Dismiss at 3; Opp'n at 15 n.6.)

"The AEDPA limitations period may be tolled when state postconviction remedies are pending . . . and when it is equitably required." *Busby*, 661 F.3d at 1011. Petitioner's counsel did not file his state court petition until June 29, 2011. At that point, more than one year had passed. Because "section 2244(d) does not

---

[1] "In determining when a *pro se* state or federal petition is filed, the 'mailbox' rule applies. A petition is considered to be filed on the date a prisoner hands the petition to prison officials for mailing." *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010). The Court presumes that the date Petitioner signed his pro se filings was the date he handed them to prison officials for filing.

[2] Although Petitioner's filing is styled as a 28 U.S.C. § 2241 petition, section 2254 is the "exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction." *White v. Lambert*, 370 F.3d 1002, 1010 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010). Accordingly, the Court construes the instant petition as a habeas petition pursuant to 28 U.S.C. § 2254.

permit the reinitiation of the limitations period that has ended before the state petition was filed," *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003), the instant petition is time-barred unless Petitioner is entitled to equitable tolling. Petitioner concedes as much. (Opp'n at 6.)

### 1. Equitable Tolling

"[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citing *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Put differently, extraordinary circumstances must have made it "*impossible* to file a petition on time" and those extraordinary circumstances must have been "the *cause* of [the prisoner's] untimeliness." *Ford v. Gonzalez*, 683 F.3d 1230, 1237 (9th Cir. 2012) (citation omitted) (emphasis in original).

As a general rule, attorney negligence, including a miscalculation of a filing deadline, is not a sufficient basis for applying equitable tolling, but attorney misconduct, where "sufficiently egregious," might be. *Porter v. Ollison*, 620 F.3d at 959 (citations omitted). In *Holland*, for example, the Supreme Court suggested extraordinary circumstances were present where an attorney failed to timely file a petition despite his client's "many letters" emphasizing the importance of him doing so; failed to research the proper filing date; failed to inform his client of the "crucial fact" that the state Supreme Court had decided his case, which restarted the AEDPA clock; and failed to communicate with his client "over a period of years, despite various pleas." 130 S. Ct. at 2564; *see also Spitsyn*, 345 F.3d at 800-02 (finding conduct sufficiently egregious where an attorney who was retained nearly a year in advance of the AEDPA deadline failed to file the petition despite repeated requests

that he do so, and retained the case file despite the client's request for it, making a *pro se* filing "unrealistic").

Petitioner says he is entitled to equitable tolling because of the "unprofessional and prejudicial acts" of his post-conviction counsel. (Addendum to Pet. at 14.) Petitioner claims that his mother paid for an attorney in March 2011 to file his habeas petition in state court. Petitioner also attaches several letters to the attorney. (Pet., Exh. I.) In the first, dated March 17, 2011, Petitioner purportedly accepted the representation and advised that "the deadline for filing my writ in the Superior Court is on April 26, 2011."[3] Subsequently, in a letter dated April 6, 2011, Petitioner expressed concern about the attorney's failure to visit or respond. He asked: "Will you be able to meet my deadline?" Petitioner claims that his mother repeatedly phoned the attorney at his urging and was told not to worry. (Opp'n at 7-8). More letters from Petitioner followed, most dated after the AEDPA deadline.[4] According to Petitioner, the attorney did not visit him until June 13, 2011, and when he filed the petition in state court, he ignored Petitioner's request to "take full responsibility for the breach of the filing deadline, which he alone had caused." (Opp'n at 8-10.)

The attorney's failure to heed pre-deadline reminders from Petitioner and his mother is unfortunate, but it does not evidence the same degree of abandonment as in *Spitsyn* and *Holland*. In those cases, the attorney neglect occurred over significant period of time—months and years, respectively. Petitioner's relationship with his attorney, in contrast, commenced only 40 days before the federal filing deadline.

More important, Petitioner has not shown that the attorney's failure to made it impossible for him to protect his interests. In *Spitsyn*, the prisoner sought his files

---

[3] Petitioner explains in his opposition brief that "when Petitioner was warning Counsel to be mindful of, and adhere to the 'one-year state of limitation' period, he meant for federal review purposes, if and when the case was advanced to that level of review." (Opp'n at 10.)

[4] He attaches letters to the attorney dated April 26, 2011, May 10, 2011, June 9, 2011, June 14, 2011, and July 18, 2011.

from the attorney, but the attorney failed to return them "for the duration of the limitations period and more than two months beyond," making it "unrealistic" for the client to proceed *pro se.* 345 F.3d at 801. In *Holland*, the attorney failed to inform his client (despite requests that he do so) of a key development in his case that restarted the AEDPA clock. Petitioner here has not shown similar obstruction. Indeed, he was conscious of the federal deadline, knew the consequences of missing it, and expressed scepticism once the deadline had elapsed that his attorney would be able to explain it away. Ultimately, it is Petitioner's burden to show that the attorney's conduct was "sufficiently egregious" to serve as the basis for equitable tolling. He has not done so.[5]

## 2. Certificate of Appealability

The Court also declines to issue a certificate of appealability ("COA"). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the Court's view, jurists of reason *could* debate the equitable tolling issue in this case, however, Petitioner has not shown that jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right. It is clear from the record that Petitioner's constitutional claim—that he was disciplined absent "some evidence" having "some indicia of reliability"—lacks merit.

For those reasons, the Court denies a COA. If Petitioner chooses, he may seek

---

[5] Petitioner argues in the alternative the equitable tolling is appropriate because the California Department of Corrections and Rehabilitation prevented his attorney from visiting before the AEDPA deadline. (Opp'n at 18-19.) He requests an evidentiary hearing to determine if "equitable tolling is proper and available." (*Id.* at 19.) The Court declines. Even if Petitioner's claim about CDCR is true, he has not shown that the lack of an in-person visit by his attorney made it impossible to file a petition on time.

a COA from the Court of Appeals pursuant to Rule 22 of the Federal Rules of Appellate Procedure.

## CONCLUSION

Because the AEPDA limitations period expired before Petitioner filed his motion in state court for postconviction relief, and because Petitioner is not entitled to equitable tolling of the federal deadline, the instant petition is time-barred. Respondent's motion to dismiss is GRANTED. Further, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

**DATED: July 23, 2013**

**Hon. Roger T. Benitez**
**United States District Judge**